IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RUBINSTEIN & ASSOCIATES, PLLC) | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| ENTREPRENEUR MEDIA, INC. | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff New York law firm Rubinstein & Associates, PLLC ("R&A" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against Entrepreneur Media, Inc., ("EMI" or "Defendant") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity, and unfair competition of Defendant's trademarks arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. §§ 1052 and 1125, *et seq.,* and common law, cancellation under 15 U.S.C. §§ 1064 and 1119, as well as related claims under the statutory and common laws of the State of New York.

2. Defendant publishes Entrepreneur magazine. The subject matter of Defendant's magazine is, unsurprisingly, entrepreneurs and

entrepreneurship. In an attempt to monopolize the term "entrepreneur" and its usage to encourage others to live the American Dream, Defendant has long engaged in an overly-aggressive program of harassment, or what they might call enforcement, of their trademarks, by bullying small businesses into submission, preventing lawful sales of unrelated products across numerous retailers.

3. In this case, Defendant is attempting to prevent Plaintiff, a New York law firm, from using the fanciful trademark ENTREPRENAWYER, a portmanteau of entrepreneur and lawyer.. Plaintiff has thus been forced to file this action to vindicate its rights to use the term "ENTREPRENAWYER."

## PARTIES

4. Plaintiff is a law firm and New York professional limited liability company with an address at 961 Broadway, Suite 115, Woodmere, New York 11598.

5. Upon information and belief, Defendant is a California corporation with an address of 18061 Fitch, Irvine, California 92614.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C § 2201 and 2202, Federal Rule of Civil Procedure 57, the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), due to

3

Defendant's assertions of trademark infringement of U.S. Trademark Registration Nos. 1453968, 2263883, and 2502032 (collectively, along with any common law rights, the "Asserted Marks"). A true and correct copy of each registration is attached hereto as Exhibit A.

7. Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment) 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. § 1121(a) (trademark jurisdiction), 28 § U.S.C. 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. This court has jurisdiction over the claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

9. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant maintains continuous and systematic contacts within the state, derives substantial revenue from the state, and has committed acts giving rise to this action within New York and within this District, including, *inter alia*, accusing Plaintiff of causing a likelihood of confusion within this District, and alleging, due to Plaintiff's headquarters being within this District, that such alleged confusion took place within the District.

10. The exercise of personal jurisdiction comports with Defendant's right to due process, because it has purposefully availed themselves of the

4

privilege of conducting activities nationally, including within the Eastern District of New York, such that it should reasonably anticipate being hailed into court here.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District. Moreover, Defendant has directed its enforcement activities at the Plaintiff in this District, and a substantial part of the events giving rise to the claim occurred in this District.

### **EXISTENCE OF AN ACTUAL CONTROVERSY**

12. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

13. On February 29, 2020, Plaintiff submitted to the United States Patent and Trademark Office ("USPTO") Application No. 88816134 for the mark ENTREPRENAWYER for "MARKETING CONSULTING; MARKETING SERVICES; ADVERTISING AND MARKETING" in class 35 ("Plaintiff's Application"). A true and correct copy of Plaintiff's Application is annexed hereto as Exhibit B.

14. Plaintiff has used the mark ENTREPRENAWYER mark in providing its legal services.

15. Plaintiff has stopped using its ENTREPRENAWYER mark due to Defendant's allegations of infringement.

5

16. On July 14, 2020, after Plaintiff's Application was published for opposition, Defendant initiated Proceeding No. 88816134 before the Trademark Trial and Appeal Board of the USPTO, requesting a 90-day request for an extension of time to oppose Plaintiff's Application.

17. In an email sent to Plaintiff on July 15, 2020, Defendant alleged that it is "concerned that consumers may mistakenly believe that [Plaintiff's] goods and/or services are related to or affiliated with" Defendant's goods and services.

18. On July 22, 2020, in an email sent to Plaintiff, Defendant alleged that Plaintiff and Defendant's marks were "similar."

19. In an email sent to Plaintiff on August 4, 2020, Defendant stated that "we believe that a likelihood of confusion exists."

20. In an email sent to Plaintiff on August 10, 2020, Defendant demanded "some sort of modification" to Plaintiff's mark.

21. On August 18, 2020, Plaintiff initiated Cancellation No. 92075025 at the Trademark Trial and Appeal Board ("TTAB") for Defendant's Reg. No. 2263883 for the mark ENTREPRENEUR, for, *inter alia*, "providing business information for the use of customers **in the field of starting and operating small businesses**."

22. On September 2, 2020, Defendant filed Opposition No. 91264565 before the TTAB against Plaintiff's Application.

23. Plaintiff denies that it infringes any of the Asserted Marks and believes the Asserted Marks are invalid and subject to cancellation at least because they are generic.

24. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's ENTREPRENAWYER mark infringes the Asserted Marks, and whether the Asserted Marks are invalid and therefore subject to cancellation.

25. Absent a declaration of non-infringement and/or invalidity and cancellation, Defendant will continue to harass Plaintiff and wrongfully allege that its mark infringes the Asserted Marks, and is not eligible for registration at the USPTO, thereby causing irreparable injury and damage to Plaintiff.

26. Absent such a declaration, Defendant will continue to interfere with Plaintiff's long-standing reputable business relationships, resulting in irreparable harm to Plaintiff's reputation with its business partners, and impeding Plaintiff's lawful provision of services based on its baseless, bad faith infringement allegations.

### COUNT I: DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED MARKS UNDER THE LANHAM ACT

27. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

28. Defendant's claim that Plaintiff's ENTREPRENAWYER mark somehow causes likelihood of confusion with Defendant's Asserted Marks is unfounded.

29. Defendant's Asserted Marks are for the generic term "Entrepreneur." Plaintiff's mark is for ENTREPENAWYER, portmanteau of entrepreneur and lawyer. The second half of Plaintiff's mark is formed of most of the letters of the word "lawyer." Phonetically, ENTREPENAWYER includes an "AW" and "YER," whereas "entrepreneur" has no such sound.

30. Plaintiff's ENTREPRENAWYER mark and Defendant's Asserted Marks are quite distinct, and therefore not subject to a likelihood of confusion.

31. For at least the above reasons, Plaintiff is entitled to a judgment declaring that it does not infringe, and has not infringed, the Asserted Marks, and that no likelihood of confusion exists.

### COUNT II: DECLARATION OF INVALIDITY AND CANCELLATION OF THE ASSERTED MARKS AS BEING GENERIC

32. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

33. The Asserted Marks should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119 because each mark is generic.

34. One of Defendant's Asserted Marks, Reg. No. 1453968 is for "PAPER GOODS AND PRINTED MATTER; NAMELY MAGAZINES,

8

BOOKS AND PUBLISHED REPORTS PERTAINING TO BUSINESS OPPORTUNITIES" in class 16.

35. Another of Defendant's Asserted Marks, Reg. No. 2263883 is for "Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information for the use of customers in the field of starting and operating small businesses and permitting customers to obtain information via a global computer network and other computer online service providers and; web advertising services, namely, providing active links to the websites of others" in class 35.

36. Another of Defendant's Asserted Marks, Reg. No. 2502032 is for "Arranging And Conducting Trade Show Exhibitions In The Field Of Entrepreneurial Activities, Namely The Start-Up And Operation Of Small Business Enterprises" in class 35 and "Educational Services, Namely, Conducting Seminars On The Development And Operation Of Businesses, And Conducting Work Shops On Computer Technology, Telecommunications, Marketing, Financing Options, Real Estate Management, Tax Planning And Insurance" in class 41.

37. The term "entrepreneur" is generic as applied to, for example, "advertising and business services."

38. The term "entrepreneur" is generic as applied to, for example, the "field of starting and operating small businesses."

9

39. The term "entrepreneur" is generic as applied to "PAPER GOODS AND PRINTED MATTER; NAMELY MAGAZINES, BOOKS AND PUBLISHED REPORTS **PERTAINING TO BUSINESS OPPORTUNITIES**."

40. The term "entrepreneur" is generic as applied to "Arranging And Conducting Trade Show Exhibitions **In The Field Of Entrepreneurial Activities**, Namely The **Start-Up And Operation Of Small Business Enterprises**."

41. The term "entrepreneur" is generic as applied to "Educational Services, Namely, **Conducting Seminars On The Development And Operation Of Businesses**."

42. "Entrepreneur" is defined as "a person who starts a business . . ." A true and correct copy of Merriam-Webster Dictionary's definition of "entrepreneur" is annexed hereto as Exhibit C. "Entrepreneur" is also defined as "A person who organizes, operates, and assumes the risk for a business venture." A true and correct copy of American Heritage Dictionary's definition of "entrepreneur" is annexed hereto as Exhibit D.

43. Despite knowing that the term "entrepreneur" is generic, Defendant has an aggressive trademark enforcement program, attempting to bully small business owners into submission for using any mark that relates to an enterprising person, e.g., an entrepreneur.

10

44. Any common law marks that Defendants may purport to own in the Asserted Marks should be declared to be invalid as generic as well.

45.

46. For at least the above reasons, the Asserted Marks should be declared invalid and canceled pursuant to 15 U.S.C. §§ 1064 and 1119, because each is generic and fails to function as a trademark.

### COUNT III: DECLARATION OF NO DILUTION OF THE ASSERTED MARKS

47. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

48. Based on the differences between Plaintiff's ENTREPENAWYER mark and the Asserted Marks, there is no dilution of the Asserted Marks.

49. The Asserted Marks are not famous.

50. The Asserted Marks are subject to cancellation.

51. For at least the above reasons, Plaintiff is entitled to a judgment declaring that the ENTREPRENAWYER mark does not dilute the Asserted Marks.

### COUNT IV: DECLARATION OF NO FEDERAL OR STATE UNFAIR COMPETITION

52. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

53. Plaintiff's use of the term ENTREPRENAWYER in commerce is unlikely to deceive consumers as to the origin, source, sponsorship, or affiliation of its services, and is unlikely to cause consumers to believe, contrary to fact, that Plaintiff's legal and/or marketing services are sold, authorized, endorsed, or sponsored by Defendant, or that Defendant is in some way affiliated with or sponsored by Plaintiff, under federal law or common law.

54. Plaintiff's actions are unlikely to confuse or mislead customers, vendors and the general public.

55. For at least these reasons, Plaintiff is entitled to a judgment declaring that Plaintiff's ENTREPRENAWYER mark does not cause unfair competition with Defendants' Asserted Marks.

## COUNT V: DECLARATION OF NO COMMON LAW TRADEMARK INFRINGEMENT

56. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

57. For the reasons set forth above, Plaintiff's ENTREPRENAWYER mark does not cause a likelihood of confusion, mislead customers, or in any way infringes Defendant's Asserted Marks.

58. Accordingly, Plaintiff is entitled to a judgment declaring that there is no common law trademark infringement of Defendant's Asserted Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A.   Adjudging that Plaintiff has not infringed and is not infringing the Asserted Marks;

B.   Adjudging that the Asserted Marks are invalid and subject to cancellation;

C.   Adjudging that no false designation of origin exists;

D.   Awarding a permanent injunction enjoining Defendant and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendant from interfering with Plaintiff's business;

E.   Issuing a judgment declaring that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any of the Asserted Marks or from instituting or initiating any action or proceeding alleging infringement of any of the Asserted Marks against Plaintiff;

F.   Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

  G. Ordering that Defendant pay all fees, expenses, and costs associated with this action; and

  H. Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

14

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 7, 2020

                                                     By:  /Andrew D. Bochner/
                                                           Andrew D. Bochner, Esq.
                                                           Bochner IP
                                                           295 Madison Avenue, 12th Floor
                                                           New York, New York 10017
                                                           (646) 971-0685

                                                           Attorney(s) for Plaintiff