UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUBINSTEIN & ASSOCIATES, PLLC,

                   Plaintiff,                    **MEMORANDUM AND ORDER**
                                                 20-CV-4173 (RPK) (ST)

       -against-

ENTREPRENEUR MEDIA, INC.,

                   Defendant.
-------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

       Defendant Entrepreneur Media, Inc. ("EMI") has federally registered the mark ENTREPRENEUR.  Plaintiff Rubinstein & Associates, PLLC ("Rubinstein") has applied to register the mark ENTREPRENAWYER.  After learning of Rubinstein's trademark application, EMI contacted Rubinstein, expressing concern about the risk of confusion between the marks. Later, EMI filed an opposition to the ENTREPRENAWYER registration with the U.S. Patent and Trademark Office ("PTO").

       Rubinstein then filed this lawsuit invoking the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Rubinstein principally asks the Court to declare that it has not infringed EMI's ENTERPRENEUR marks and that those marks are invalid.  EMI, in turn, has filed a motion to dismiss.  EMI argues, as relevant here, that this Court lacks subject-matter jurisdiction because there is no "substantial controversy between parties having legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Def.'s Mem. of L. in Supp. of Mot. to Dismiss at 8 ("Def.'s Br.") (Dkt. #17-1) (quoting *MedImmune v. Greentech*, *Inc*., 549 U.S. 118, 127 (2007)).  Magistrate Judge Tiscione issued a report and recommendation ("R. & R.") agreeing that the case should be dismissed for lack of subject-

matter jurisdiction.  *See* R. & R. (Dkt. #25).  As described below, I adopt Judge Tiscione's R. & R. and dismiss this lawsuit.

## BACKGROUND

Rubinstein filed its application for trademark protection of the mark ENTREPRENAWYER on February 29, 2020.  *See* Compl. ¶¶ 13-14 (Dkt. #1); *id.* Ex. B (Dkt. #1-2); Justman Decl. Ex. 2 (Dkt. #17-4).

On July 14, 2020, EMI sought an extension of time to oppose Rubinstein's application from the PTO.  Compl. ¶ 16.  The next day, EMI's counsel contacted Rubinstein by email.  *Id.* ¶ 17.  The message states, in pertinent part:

> We recently learned that you filed an intent-to-use trademark application for the "ENTREPRENAWYER" trademark (App. No. 88/816134) in connection with: "Marketing consulting; Marketing services; Advertising and marketing" in Class 35.

> We further learned that you are using the ENTREPRENAWYER mark on social media, such as LinkedIn. . . .

> Given that your trademark contains a mark very similar to Entrepreneur Media's registered trademark, and the application covers nearly identical goods and/or services, we are concerned that consumers may mistakenly believe that your goods and/or services are related to or affiliated with Entrepreneur Media and its ENTREPRENEUR® branded magazines and educational services.

> The purpose of this letter is to bring to your attention Entrepreneur Media's trademark rights and ask that you contact us to discuss this matter. Please contact me at [phone number omitted] at your earliest convenience.

Justman Decl. Ex. 4 (Dkt. #17-6).

Rubinstein responded by email less than ten minutes later.  The message stated, in pertinent part:

> I will remove the mark from social media. However, the word entrepreneur in and of itself cannot be trademarked unless disclaimed but for general uses.

> This information goes back to 2L basic IP law training. There is no likelihood of confusion, as it is clearly parody and based upon new creation of legal services.
>
> If the mark is broader and is to be applied to every use of the word entrepreneur, even a play on words, perhaps it's time someone files for cancellation and a suit for unfair competition.
>
> For now, I will remove the use of the mark, but regarding the opposition, I am quite well suited to handle this myself and I intend to.

Justman Decl. Ex. 5 (Dkt. #17-7). Rubinstein then stopped using its ENTREPRENAWYER mark. Compl. ¶ 15.

The parties continued exchanging email messages in what they both describe as settlement discussions. *See* Def.'s Br. at 6; Pl.'s Mem. of L. in Opp'n to Dismissal at 17 ("Pl.'s Opp'n") (Dkt. #18). Neither party has filed those subsequent messages with their motion papers. But Rubinstein alleges that one message from EMI asserted that the parties' marks were "similar" and that another message stated that EMI "believe[s] that a likelihood of confusion exists." Compl. ¶¶ 18-19. Rubinstein alleges that in a third email message, EMI demanded "some sort of modification" to Rubinstein's mark. *Id*. ¶ 20.

On August 18, 2020, Rubinstein filed a petition before the PTO's Trademark Trial and Appeal Board ("TTAB") seeking to cancel EMI's ENTREPRENEUR marks. *Id*. ¶ 21; *see* Justman Decl. Ex. 8 (Dkt. #17-10).

On September 2, 2020, EMI filed a notice of opposition to Rubinstein's application to register the ENTREPRENAWYER mark with the PTO. EMI asserted a likelihood of confusion with its ENTREPRENEUR marks. Compl. ¶ 22; *see* Justman Decl. Ex. 9 (Dkt. #17-11).

Five days later, Rubinstein filed this lawsuit. Its complaint requests a declaratory judgment that (1) Rubinstein's ENTREPRENAWYER mark does not infringe, and has not infringed, EMI's ENTREPRENEUR marks; (2) EMI's ENTREPRENEUR trademarks are

"invalid and subject to cancellation" because they are generic; (3) Rubinstein's ENTREPRENAWYER mark does not dilute EMI's trademarks; and (4) Rubinstein's ENTREPRENAWYER mark does not unfairly compete with EMI's marks.  Compl. ¶¶ 27-58.

EMI moved to dismiss the action based on lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, based on failure to state a claim under Rule 12(b)(6).  *See* Def.'s Mot. (Dkt. #17).  Judge Feuerstein, the then-assigned district judge, referred EMI's motion to Judge Tiscione for a report and recommendation.

Judge Tiscione has recommended granting EMI's motion to dismiss based on lack of subject-matter jurisdiction.  Judge Tiscione observed that the Declaratory Judgment Act creates jurisdiction only "where there exists a 'case of actual controversy.'"  R. & R. at 4 (quoting 28 U.S.C. § 2201(a)).  He observed that "the threat of future litigation is relevant to the identification of an actual controversy."  *Id.* at 5.  In contrast, he wrote, the "existence of a dispute before the TTAB over the registration of a party's mark, on its own" is insufficient to establish a justiciable controversy.  *Ibid.* (quoting *1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*, 905 F. Supp. 2d 451, 454 (E.D.N.Y. 2012)).

Judge Tiscione found no actual controversy here, principally because he concluded that EMI's communications with Rubinstein were best understood as objections to the proposed registration of ENTERPRENAWYER, rather than demands that Rubinstein discontinue use of that mark or threats of litigation.  *See id.* at 6-7.  He found analogous past decisions that had found no justiciable controversy where a markholder had merely objected to the registration of another mark or claimed a likelihood of confusion.  *See id.* at 6-8 (citing *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 395-96 (S.D.N.Y. 2011); *I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*, No. 19-CV-2776, 2020 WL 2086096, at *3 (S.D.N.Y. Apr. 30,

2020); *1-800-Flowers.com, Inc.*, 905 F. Supp. 2d at 455-58).   Judge Tiscione observed that the trademark decisions finding a justiciable case on which Rubinstein relied were "easily distinguishable." *Id.* at 8.  In those cases, he explained, the defendant had threatened litigation or had objected to another party's *use* of a particular mark.  *Id.* at 8-9 (discussing *Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*, 151 F. Supp. 3d 451, 457 (S.D.N.Y. 2015); *Gelmart Indus., Inc. v. Eveready Battery Co.*, 120 F. Supp. 3d 327, 332 (S.D.N.Y. 2014); *Lee v. Makhnevich*, No. 11-CV-8665, 2013 WL 1234829, at *2, *4 (S.D.N.Y. Mar. 27, 2013)).

Judge Tiscione also rejected Rubinstein's suggestion that a justiciable controversy exists between EMI and Rubinstein because EMI had filed a lawsuit against Kelly Roach—a different party that had contested EMI's ENTREPRENEUR trademarks before the TTAB.  *See* R. & R. at 10.  Judge Tiscione noted cases "establish[ing] that a party's suit against a non-party does not yield an actual controversy for purposes of the Declaratory Judgment Act."  *Id.* at 11 (citing *Avon Prods., Inc. v. Moroccanoil, Inc.*, No. 12-CV-4507, 2013 WL 795652, at *5 (S.D.N.Y. Mar. 4, 2013); *Indigodental GMBH & Co. KG v. Ivoclar Vivadent, Inc.*, No. 08-CV-7657, 2008 WL 5262694, at *3 (S.D.N.Y. Dec. 10, 2008)).  Moreover, he observed that Rubinstein had not established that Rubinstein and Roach were similarly situated.  *Id.* at 10 & n.2.  Indeed, he observed, Rubinstein had not "submit[ed] evidence detailing th[e] proceedings" that EMI had brought against Roach.  *Id.* at 10.  "[C]onsidering the totality of the circumstances," Judge Tiscione concluded that Rubinstein had failed to establish an actual controversy sufficient to support jurisdiction.  *Id.* at 11-12.

Rubinstein filed timely objections.  *See* Pl.'s Obj. to R. & R. ("Pl.'s Obj.") (Dkt. #26).

**STANDARD OF REVIEW**

I.       **Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). Where, as here, the facts bearing on jurisdiction are not in dispute, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014); *see* Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed. 2021) ("A facial attack challenges subject matter jurisdiction without disputing the facts alleged in the complaint and requires the court to treat the allegations of the complaint as true.").

II.      **Review of a Magistrate Judge's Report and Recommendation**

If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

**DISCUSSION**

EMI's motion to dismiss is granted based on Rubinstein's failure to establish a justiciable controversy under the Declaratory Judgment Act. That statute provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  A "case of actual controversy" exists only if there is a dispute that is "'definite and concrete," "real and substantial," and would "admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *MedImmune*, 549 U.S. at 127.  "[T]he threat of litigation" is "relevant in determining whether an actual controversy exists."  *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 96 (2d Cir. 2011).  Judge Tiscione concluded that no justiciable controversy exists here after determining that EMI's messages were objections to the registration of ENTERPRENAWYER, rather than threats of litigation or demands that Rubinstein discontinue use of that mark.  *See* R. & R. at 6-7.  As explained below, Rubinstein's objections to Judge Tiscione's conclusions lack merit.

Rubinstein first argues that Judge Tiscione failed to employ the *MedImmune* framework, and instead relied on more stringent Second Circuit caselaw on the Declaratory Judgment Act that predates the *MedImmune* decision.  Pl.'s Obj. at 6 ("[T]he R&R appears to be relying on the discredited pre-*MedImmune* 'reasonable apprehension' test."); *see id.* at 4.  That argument lacks merit.  Judge Tiscione expressly recognized that the *MedImmune* framework governs. *See* R. & R. at 4-5, 11-12.  And he did not invoke the "reasonable apprehension" test at all. While Rubinstein may disagree with Judge Tiscione's application of *MedImmune*, Rubinstein offers no persuasive evidence that Judge Tiscione used the wrong legal test.

Rubinstein next submits that Judge Tiscione erred because EMI's communications with Rubinstein are best read as threatening litigation.   Rubinstein does not dispute that no justiciable controversy exists merely because two parties have a dispute over whether the PTO should register a mark.  *See* R. & R. at 5 (citing *1-800-Flowers.com*, 905 F. Supp. 2d at 454);

*see also I.O.B. Realty, Inc.*, No. 19-CV-2276, 2020 WL 2086096, at *2; *Halo Lifestyle LLC v. Halo Farm, Inc.*, No. 18-CV-9459, 2019 WL 1620744, at *3 (S.D.N.Y. Apr. 16, 2019). Instead, Rubinstein relies on cases finding a justiciable controversy after a markholder threatened an infringement suit.  *See* Pl.'s Obj. at 4 (stating that declaratory judgment actions "are particularly useful in resolving trademark disputes where, as here, a trademark owner threatens to sue for infringement"); *id.* at 6-7 (arguing that justiciable controversy exists based on purported threat to sue).  Rubinstein acknowledges that EMI "did not state 'we will sue you unless you stop using the mark,'" but contends that the message of EMI's communications was "clear—stop your use or we will sue you." *Id.* at 6.

Rubinstein's objection lacks merit because EMI's communications are not best read as threats of litigation.  Rubinstein principally focuses on EMI's July 15 email.  But EMI sent that email the day after seeking an extension of its deadline to respond to Rubinstein's application to register its ENTREPRENAWYER mark, and the message itself repeatedly referenced the PTO application.  *See* Justman Decl. Ex. 4.  The text and context of the July 15 email thus suggest that the message was focused on Rubinstein's attempt to register the ENTREPRENAWYER mark.  To be sure, the email stated that EMI had "learned that [Rubinstein was] using the ENTREPRENAWYER mark on social media." *Id.* at 2.  But EMI did not assert that the use was infringing or demand that it cease.  *See ibid.*  Instead, after expressing a concern about risk of confusion between the two marks, EMI simply "ask[ed Rubinstein] to contact us to discuss this matter." *Ibid.*  These statements can hardly be characterized as "bully[ing]," Pl.'s Obj. at 6, "threatening," *id.* at 5, or indicating that EMI would turn to litigation to protect its trademark rights.   The brief snippets from settlement discussions that Rubinstein invokes also fall far short of threatening litigation.

Rubinstein next repeats its contention that EMI's lawsuit against a different party—Kelly Roach—establishes an actual controversy between EMI and Rubinstein.  *See* Pl.'s Obj. at 7 & n.1.  But Rubinstein fails to demonstrate any flaw in Judge Tiscione's explanation of why that is not so.   Judge Tiscione observed that courts in this circuit have declined to find a justiciable controversy based on markholder's lawsuit against a different infringer.  *See* R. & R. at 10-11.  Rubinstein has cited no case taking a contrary approach.  *See* Pl.'s Obj. at 7.  And Rubinstein has offered scant detail about EMI's suit against Roach, making it impossible to infer that EMI's action against Roach is a harbinger of litigation against Rubinstein.  On this record, EMI's suit against Roach adds little.

## CONCLUSION

Rubinstein's objections are overruled.  Having found no error in the portions of Judge Tiscione's R. & R. to which Rubinstein objected, and no clear error in the remainder of the R. & R., the R. & R. is adopted in its entirety.  EMI's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is granted and this case is dismissed for lack of subject-matter jurisdiction.

The Clerk of the Court shall close this case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:  August 13, 2021
        Brooklyn, New York

9